# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO

| | |
|---|---|
| ANTOINETTE WANNES DAOU, and RAFAEL PORRAS VALLES<br><br>    Plaintiffs,<br>v.<br><br>ALEJANDRO MAYORKAS, U.S. Secretary of Homeland Security; UR MENDOZA JADDOU, Director of U.S. Citizenship and Immigration Services; UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES, an agency of the United States; MERRICK GARLAND, U.S. Attorney General; CHRISTOPHER WRAY, Director of Federal Bureau of Investigations; FEDERAL BUREAU OF INVESTIGATIONS; in their official capacity,<br><br>    Defendants. | Case No.: 1:23-cv-58 |

## COMPLAINT FOR WRIT OF MANDAMUS AND DECLARATORY JUDGMENT

1. Plaintiff, Dr. Wannes Daou, a Pediatric Pulmonary Fellow at Cincinnati Children's Hospital Medical Center, and her husband Plaintiff Porras Valles, respectfully submit this complaint to compel Defendants and those acting under them to take all appropriate action to adjudicate Plaintiffs' applications for employment authorization and Dr. Wannes Daou's application for Temporary Protected Status without further delay.

2. Plaintiffs properly filed for temporary protected status (TPS) with Defendants on July 9, 2021. Plaintiff Porras Valles' Temporary Protected Status was approved on October 6, 2022, but his employment authorization remains pending.

1

3. Plaintiff Porras Valles is entitled to employment authorization as a result of his approved TPS. Plaintiff properly filed Form I-765 Application for Employment Authorization on May 02, 2022. This application has now been pending for almost 9 months,

4. Plaintiff Dr. Wannes Daou's TPS application has been pending for over 18 months. Her application for employment authorization also remains pending. Plaintiff is a Pediatric Pulmonary Fellow currently in J-1 status. If she does not receive her employment authorization by April of 2023, Plaintiff will be unable to continue work as a physician during an unprecedented public health crisis. The temporary nature of temporary protected status makes this delay even more unreasonable, as the current designation for Plaintiff's country is set to expire in March of 2024.

5. Due to the unreasonable delay in processing Plaintiffs' applications, they are in fear of losing their jobs and being unable to provide for themselves and their 7-month-old U.S. citizen daughter, causing significant hardship to Plaintiffs, their family, and their community.

6. Plaintiffs' applications remain within the jurisdiction of Defendants, who have improperly withheld action on the applications for an unreasonable period of time, to the detriment of Plaintiffs.

## JURISDICTION AND VENUE

7. This is a civil action brought pursuant to 28 U.S.C. § 1361 ("The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."). Jurisdiction is further conferred by 8 U.S.C. § 1329 (jurisdiction of the district courts) and 28 U.S.C. § 1331 (federal subject matter jurisdiction).

8. Jurisdiction is also conferred pursuant to 5 U.S.C. §§ 555(b) and 702, the

Administrative Procedure Act ("APA"). The APA requires USCIS to carry out its duties within a reasonable time. 5 U.S.C. § 555(b) provides that "[w]ith due regard for the convenience and necessity of the parties or their representatives and *within a reasonable time*, each agency *shall* proceed to conclude a matter presented to it." (Emphasis added). USCIS is subject to 5 U.S.C. § 555(b). *See Trudeau v. FTC*, 456 F.3d 178, 185 (D.C. Cir. 2006) (finding that the district court has jurisdiction under the APA, in conjunction with 28 U.S.C. § 1331, to review plaintiff's complaint for declaratory and injunctive relief against a federal agency). When the statute is silent as to an actual deadline to adjudicate an application or petition, the agency is subject to the general reasonableness requirements of the APA. *See Forest Guardians v. Babbitt*, 174 F.3d 1178, 1190 (10th Cir.1999).

9. 8 U.S.C. § 1252, does not deprive this Court of jurisdiction. 8 U.S.C. § 1252(a)(5) provides that "a petition for review filed with an appropriate court of appeals in accordance with this section, shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this Act[.]" As the present action does not seek review of a removal order, but is simply an action to compel Defendants to adjudicate Plaintiff's unreasonably delayed applications, this Court retains original mandamus jurisdiction under 28 U.S.C. § 1361.

10. Furthermore, 8 U.S.C. § 1252(a)(2)(B) provides that no court shall have jurisdiction to review either (i) "any judgment regarding the granting of" various forms of relief from removal, or (ii) "any other decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is specified ... to be in the discretion of the Attorney General or the Secretary of Homeland Security[.]" Because adjudication of a properly filed application for employment authorization is neither a judgment regarding the

3

granting of relief from removal nor a decision or action that is specified to be in the discretion of the Attorney General or the Secretary of Homeland Security, the Court retains original mandamus jurisdiction over this claim. *See also Villa v. U.S. Dep't of Homeland Sec.*, 607 F. Supp. 2d 359, 366 (N.D.N.Y. 2009) ("[T]he Defendant has the discretionary power to grant or deny applications, but it does not have the discretion as to whether or not to decide at all."); *Aslam v. Mukasey*, 531 F. Supp. 2d 736, 739 (E.D. Va. 2008) ("[T]he Court retains jurisdiction under the APA to determine whether the Secretary [of Homeland Security] has unlawfully delayed or withheld final adjudication of a status adjustment application.").

11. Numerous federal district courts have ruled that adjudication of a properly filed application for employment authorization, including completion of all necessary background checks, is a purely ministerial, non-discretionary act which the Government is under obligation to perform in a timely manner. "Courts thus have jurisdiction under the APA to hear claims brought against an agency for unreasonable delay as long as judicial review is not precluded by statute and the agency action is not committed by law to agency." *Lara Santiago v. Mayorkas*, 554 F.Supp 3d 1340, 1346 (N.D. Ga. 2021). *See also Jones v. Gonzales,* Slip Copy, 2007 U.S. Dist. LEXIS 45012 (S.D. Fla. June 21, 2007) ("[N]o agency responsible for resolving matters of public interest should be free to let those matters pend in perpetuity; otherwise would be to relieve the agency of its Congressionally-mandated duty to the public.")

12. Both the regulations and the Immigration and Nationality Act provide numerous examples of duties owed by USCIS in the immigration process. 8 U.S.C. § 1103 provides that "[t]he Secretary of Homeland Security *shall* be charged with the administration and enforcement of this Act and all other laws relating to the immigration and naturalization of aliens[.]" (Emphasis added). 8 U.S.C. § 1254a also mandates that "[u]pon the granting of

temporary protected status to an alien under this section, the Attorney General *shall* provide for the issuance of such temporary documentation and authorization as may be necessary to carry out the purposes of this section." 8 U.S.C. § 1254a(d)(1)(emphasis added). In the case of an applicant who meets the requirements to be granted temporary protected status, the Attorney General "*shall* authorize the alien to engage in employment in the United States and provide the alien with an 'employment authorized' endorsement or other appropriate work permit." U.S.C. § 1254a(a)(1)(B)(emphasis added).

13. The language of the statute and the above-cited regulations is mandatory, not discretionary, and the Defendants have a clear duty to adjudicate the applications pending before them within a reasonable time. *See In re Am. Rivers & Idaho Rivers United*, 372 F.3d 413, 419 (D.C. Cir. 2004)( "There is 'no per se rule as to how long is too long' to wait for agency action, but a reasonable time for agency action is typically counted in weeks or months, not years.")

14. As set forth below, the delay in processing Plaintiffs' properly filed applications for employment authorization and TPS is unreasonable.

15. Venue is proper in the Southern District of Ohio pursuant to 28 U.S.C. §1391(e)(1)(C). Plaintiff sues the Defendants in their official capacities as officers and employees of the United States. Plaintiffs reside within this District.

### EXHAUSTION OF ADMINISTRATIVE REMEDIES

16. No exhaustion requirement applies to Plaintiffs' complaint for a Writ of Mandamus. Plaintiff is owed a duty – the adjudication of the properly filed application for employment authorization and TPS, which has been duly filed with USCIS. Defendants have unreasonably delayed and failed to adjudicate the application for over 1 year. Plaintiffs have no other

adequate remedy available for the harm they seek to redress – the failure of Defendants to process their application in a timely manner.

## PARTIES

17. Plaintiff Dr. Wannes Daou is a citizen of Venezuela and a Pediatric Pulmonary Fellow who last entered the United States in January of 2020 on a J-1 visa. She has applied for temporary protected status as a Venezuelan national who is unable to return to her home country due to country conditions. Plaintiff has a U.S. citizen minor child.

18. Plaintiff Porras Valles is a citizen of Venezuela and a Senior Portfolio Manager who is married to Dr. Wannes Daou. He last entered the United States in January of 2020 on a J-2 visa. He has been granted temporary protected status as a Venezuelan national who is unable to return to his home country due to country conditions. Plaintiff has a U.S. citizen minor child.

19. Defendant Alejandro Mayorkas, is the Secretary of the Department of Homeland Security (DHS), and as such is charged by statute with the administration and enforcement of the Immigration and Nationality Act and all other laws relating to the immigration and naturalization of aliens. He is sued in his official capacity only.

20. Defendant Ur Mendoza Jaddou is the Director of United States Citizenship and Immigration Services (USCIS) of the DHS and as such is charged with the administration and enforcement of the Immigration and Nationality Act and all other laws relating to the immigration and naturalization of aliens pursuant to a delegation of authority from the Secretary of Homeland Security of the United States under 8 U.S.C. § 1103(a). She is sued in her official capacity only.

6

21. United States Citizenship and Immigration Services (USCIS) is an agency of the United States in charge of reviewing and deciding benefit applications including applications for immigration benefits such as Plaintiff's.

22. Defendant Merrick Garland is the Attorney General of the United States. He is charge of the Federal Bureau of Investigations (FBI) which, in turn, is in charge of conducting background checks for applicants for immigration benefits. He is sued in his official capacity only.

23. Defendant Christopher Wray is the Director of the FBI. He is the head of the agency in charge of conducting background checks for applicants for immigration benefits. He is sued in his official capacity only.

24. Defendant FBI is an agency of the United States in charge of conducting background checks for applicants for immigration benefits.

25. Defendants are in charge of the processing and adjudication of applications and related background checks for employment authorization. They are sued in their official capacity only.

## LEGAL FRAMEWORK

Administrative Procedure Act ("APA"):

26. The APA provides that, "within a reasonable time, each agency shall proceed to conclude a matter presented to it." 5 U.S.C. § 555(b). To ensure that agencies comply with that provision, the APA specifies that a reviewing court "shall compel agency action unlawfully withheld or unreasonably delayed." Id. § 706(1).

Temporary Protected Status:

27. Temporary protected status (TPS) is a designation given to nationals of foreign countries determined by the Secretary of Homeland Security when the country conditions temporarily prevent the country's nationals from returning safely.

28. Venezuela is a designated TPS eligible country, with the current designation lasting through March 10, 2024. The Secretary of Homeland Security may extend Venezuela's status as a TPS designated country.

29. In the case of a foreign national who is granted TPS, the Attorney General *"shall* authorize the alien to engage in employment in the United States and provide the alien with an "employment authorized" endorsement or other appropriate work permit." U.S.C. § 1254a(a)(1)(B) (emphasis added).

## FACTUAL AND PROCEDURAL BACKGROUND

30. Plaintiff Dr. Wannes Daou is a physician who received her medical training in Venezuela and the U.S. In January of 2020 she last entered the U.S. on a J-1 visa to receive training and provide essential medical services in Cincinnati, Ohio as a Pediatric Pulmonary Fellow.

31. Dr. Wannes Daou applied for TPS on July 9, 2021. Her application has now been pending for over 18 months. If Plaintiff's TPS is approved, she is legally authorized to work. Dr. Wannes Daou applied for employment authorization on March 24, 2022. Her application for employment authorization remains pending at this time.

32. Dr. Wannes Daou has an offer from the Children's Hospital of Philadelphia to work as an attending physician. If Plaintiff does not receive TPS and an approved employment authorization document by April of 2023, she will not be able to accept this position.

8

33. The Children's Hospital of Philadelphia is one of the top 5 in the country for Dr. Wannes Daou's specialty, and there is a deficit of board-certified pediatric pulmonologists such a Dr. Wannes Daou in the United States.

34. Plaintiff Porras Valles is married to Dr. Wannes Daou. He last entered the United States in January of 2020 on a J-2 visa.

35. Plaintiff Porras Valles is a professional financial analyst, working as a Senior Portfolio Manager remotely in Cincinnati Ohio.

36. Plaintiff Porras Valles applied for TPS on July 9, 2021. His application was approved on October 6, 2022. Plaintiff Porras Valles is entitled to employment authorization as a TPS holder. Plaintiff applied for employment authorization on May 02, 2022. His application for employment authorization remains pending at this time.

37. Plaintiffs have attempted to inquire with Defendants as to the status of their applications but have not received any response.

38. Defendants recently updated the expedite criteria allow for expedite request for healthcare workers whose initial application has been pending for over 90 days. *See* https://www.uscis.gov/forms/filing-guidance/how-to-make-an-expedite-request (last accessed 1/18/2023).

39. Plaintiffs have suffered prejudice from the unreasonable delay in adjudicating their applications for employment authorization and TPS. As a result of the delays, Plaintiffs are in fear of losing their jobs, causing financial hardship to their family in the U.S. and extended family abroad who rely on them for support. Plaintiff Dr. Wannes Daou is unable to move forward with her job offer for a critical need position at the Children's Hospital of Philadelphia without proof of status.

40. Defendants have withheld action on Plaintiffs' applications for an unreasonable period of time.

## CAUSES OF ACTION

## COUNT ONE

## DECLARATORY JUDGMENT

41. The allegations contained in paragraphs 1 through 40 above are repeated and re-alleged as though fully set forth herein.

42. Pursuant to 28 U.S.C. § 2201 et seq. the Court may declare the rights of the parties and such declaration shall have the force and effect of a final judgment or decree.

43. Defendants in this case have failed to reach a decision on Plaintiffs' applications for employment authorization and TPS. This failure to act is against the law, has caused, and continues to cause harm to Plaintiffs. Therefore issuance of a declaratory judgment that Defendants' lack of action is against the law and violates the APA is warranted.

## COUNT TWO

## VIOLATION OF 5 U.S.C. §§ 702, 704, 706 (APA CLAIMS)

44. The allegations contained in paragraphs 1 through 40 above are repeated and re-alleged as though fully set forth herein.

45. Plaintiffs have suffered a "legal wrong" or have been "adversely affected or aggrieved" by agency action. 5 U.S.C. & 702. Plaintiffs are aggrieved by agency action for which there is no other adequate remedy in court. 5 U.S.C. § 704.

46. The inaction is arbitrary, capricious, and exceeds Defendants' statutory authority. 5 U.S.C. § 706(c)(2). The delays are a violation of the APA which mandates that a decision be made in a timely manner.

## COUNT THREE

## RELIEF UNDER THE MANDAMUS ACT

47. The allegations contained in paragraphs 1 through 40 above are repeated and re-alleged as though fully set forth herein.

48. Plaintiffs have a claim for mandamus relief under 28 U.S.C. § 1361 which provides the authority to compel the agency to perform a duty owed to the Plaintiff. Defendants have failed to properly adjudicate Plaintiffs' applications for employment authorization and TPS.

49. A mandamus plaintiff must demonstrate that: (i) he or she has a clear right to the relief requested; (ii) the defendant has a clear duty to perform the act in question; and (iii) no other adequate remedy is available. *Power v. Barnhart*, 292 F.3d 781, 784 (D.C. Cir. 2002); *Citizens for Ethics and Responsibility in Wash. v. Cheney*, 593 F. Supp. 2d 194, 219 (D.D.C. 2009); see also *Liu*, 509 F. Supp. 2d at 10 (holding, in mandamus suit alleging unreasonable agency delay, that "'the statutory duty involved [in such cases] ... does not specify what course of action shall be taken. Rather, regardless of what course it chooses, the agency is under a duty not to delay unreasonably in making that choice'") (quoting *Sierra Club v. Thomas*, 828 F.3d 783, 794 (D.C. Cir. 1987)); *Aslam*, 531 F. Supp. 2d at 743 ("[T]he Court concludes that CIS has a legal obligation to adjudicate Aslam's petition within a reasonable period of time."). Plaintiffs clearly meet all three of these criteria.

50. The Plaintiffs have fully complied with all of the statutory and regulatory requirements for seeking employment authorization, including submission of all necessary forms and supporting documents.

51. Defendants have unreasonably failed to adjudicate the Plaintiffs' applications for employment authorization and TPS, thereby depriving Plaintiffs of their rights under 8 U.S.C. §

11

1255. Pursuant to 5 U.S.C. §§ 555(b) and 702 (APA), "[w]ith due regard for the convenience and necessity of the parties or their representatives and *within a reasonable time*, each agency shall proceed to conclude a matter presented to it." (Emphasis added).

52. The Defendants owe the Plaintiffs a duty to adjudicate the applications for employment authorization and TPS, pursuant to the statute and its implementing regulations, and have unreasonably failed to perform that duty. See, e.g., *Northern States Power Co. v. U.S. Dep't of Energy*, 128 F.3d 754, 761 (D.C. Cir. 1997) (issuing writ of mandamus to preclude government defendant "from excusing its own delay" in complying with a clear statutory obligation). The Plaintiffs have no alternative means to obtain adjudication of their employment authorization and TPS and their right to issuance of the writ is "clear and indisputable." *Gulfstream Aerospace Corp. v. Mayacamas Corp.*, 485 U.S. 271, 289 (1988); see also *Power*, 292 F.3d at 784; *Matter of Sealed Case*, 151 F.3d at 1063 (holding that mandamus is an appropriate remedy whenever a party demonstrates a clear right to have an action performed by a government official who refuses to act and that no other adequate means to attain the relief exist).

53. The Court's intervention is also appropriate because Defendants have failed to act within a reasonable period of time. See, e.g., *Sierra Club*, 828 F.3d at 794 (holding that "regardless of what course it chooses, the agency is under a duty not to delay unreasonably in making that choice"); *Northern States Power*, 128 F.3d at 760 ("Given DOE"s repeated attempts to excuse its delay … we find it appropriate to issue a writ of mandamus …."); *Liu*, 509 F. Supp. 2d at 9-10 (holding that the APA requires the government to act within a reasonable period of time). The Plaintiffs have already waited over 18 months for adjudication of the pending TPS

application and over 9 months for adjudication of the employment authorization. This is an unacceptable and unreasonable delay.

54. The Plaintiffs are entitled to action on the long-pending applications, because an unreasonable amount of time has passed since the applications were filed. Defendants have failed to carry out the adjudicative and administrative functions delegated to them by law, to the ongoing harm and prejudice of the Plaintiffs.

55. Defendants' delay is without justification and has forced the Plaintiffs to resort to this Court for relief, and the Plaintiffs are entitled to attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d)(2).

## PRAYER FOR RELIEF

WHEREFORE, in view of the arguments and authority noted herein, Plaintiffs pray that the Court grant the following relief:

A. Assume jurisdiction over the matter;

B. Issue a declaratory judgment holding that Defendants' unreasonable delay in adjudicating the applications for employment authorization and TPS is unlawful and contrary to law.

C. Order Defendants and those working under them to immediately adjudicate the pending applications for employment authorization and application for TPS.

D. Award reasonable attorney fees and costs pursuant to the Equal Access to Justice Act, 5 U.S.C. § 504, 28 U.S.C. § 2412 and pursuant to 42 U.S.C. § 1988(b), and

E. Grant any and all further relief this Court deems just and proper.

Dated this 31st day of January 2023.

/s/ Matthew L. Benson
Matthew L. Benson
Attorney for Plaintiff
220 Findlay St.
Cincinnati, OH 45202
Phone: (513) 241-3992
Fax: (513) 241-1816
mbenson@bartlettlaw.com


/s/ Heather Kryzak.

Heather Kryzak
Attorney for Plaintiff *Pro Hac Vice* application to be filed
Vrapi Weeks
5931 Jefferson St. NE, Suite A
Albuquerque, NM 87109
Phone: (505) 352-6660
Fax: (505) 872-6120
heather@vrapiweeks.com